**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEAN E. THORSBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.  CIV-04-1638-F |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| BEN ORTEZ ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the court is Defendants' Motion to Exclude Plaintiff's Designated Expert Witness (doc. no. 33).  The motion was filed on August 4, 2005.  Plaintiff responded to the motion on August 31, 2005.  Defendants filed a reply brief in support of the motion on September 15, 2005.  The motion is at issue.

Defendants' motion challenges the adequacy of the report prepared by plaintiff's proposed expert Kathy Karmid under date of June 18, 2005.  Attached to defendants' motion is the report, as well as Ms. Karmid's curriculum vitae, her fee schedule, and her list of cases in which she has testified.

Under Fed. R. Civ. P. 26(a)(2)(B), a retained expert is required to provide a report containing, among other things, a complete statement of all opinions to be expressed and the basis and reasons therefor, as well as the data or other information considered by the witness in forming the opinions.  As the Advisory Committee notes to the 1993 amendments to Rule 26 state, the expert's report must be "detailed and complete" and it must state "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  As is further indicated by the Advisory Committee notes, the former practice of disclosing only the "substance" of expert testimony by way of answers to interrogatories was unsatisfactory.  The committee notes further indicate that compliance with the rule should

reduce the length of expert depositions "and in many cases the report may eliminate the need for a deposition [of an expert]."

Under Rule 37(c)(1), a party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless the failure is harmless, permitted to use as evidence at trial "any witness or information not so disclosed."  As the Advisory Committee notes accompanying the 1993 amendments indicate, this provision "provides a self-executing sanction" for failure to make the required disclosure.  The sanction is otherwise described in the committee notes as "automatic."

Ms. Karmid's report falls far short of complying with the requirements of Rule 26(a)(2)(B).  The issue is not a close one.  The report does not purport to provide the "basis and reasons" for Ms. Karmid's diagnoses (assuming, for present purposes, that the very brief list of diagnoses represents a complete statement of all of her opinions).  The report likewise fails altogether to provide the data or other information considered by Ms. Karmid.

Plaintiff's assertion that the motion should be denied because defendants failed to object to the report within 14 days as provided by Rule 26(a)(3) is without merit.  The 14-day objection period provided for in Rule 26(a)(3) applies to disclosures required by that subdivision, and not to disclosures required by Rule 26(a)(2).  Likewise, plaintiff's assertion that the motion should be denied for failure to conduct a conference pursuant to LCvR 37.1 is without merit.  Defendants' motion is not a motion to compel discovery.  Defendants' motion is, rather, a motion seeking judicial confirmation that the deficiencies in the report preclude testimony as to any matters required by Rule 26(a) that were omitted from the report.[1]

---

[1] Accompanying plaintiff's arguments on these points is her counsel's protest that he "was available to respond to any requests to supplement or clarify the expert disclosures."  Plaintiff's Response, at 2.  This misses the point of the Rule 26(a)(2)(B) expert disclosure requirements.  Neither Rule 26 nor the court's scheduling regime under LCvR16.1 (nor the scheduling order commonly entered pursuant to that rule – See Appendix III to the Local Rules) contemplate that expert discovery (or – absent truly exceptional circumstances – the accompanying expert work in a particular case) will be an iterative process.  The proponent of the testimony of an expert is

Plaintiff has provided no semblance of a showing that her failure to disclose is either substantially justified or harmless. *See, generally* <u>Anderson v. Hale</u>, 2002 WL 32026151 (W.D. Okla. 2002) and the cases there cited. In the absence of this showing, the remedy provided for by Rule 37(c)(1) applies. Accordingly, Ms. Karmid will not be permitted to provide expert testimony at the trial of this matter with respect to any matters required by Rule 26(a)(2) which are not set forth in her report. In light of this preclusion of testimony as to matters not disclosed as required, it is unlikely that, under <u>Daubert v. Merrell Dow Pharmaceutical, Inc.</u>, 509 U.S. 579 (1993), and <u>Kumho Tire Company, Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), expert testimony from Ms. Karmid will be admissible.

Accordingly, defendants' motion is **GRANTED** to the extent set forth above.

DATED September 19, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1638p008.pub.wpd

---

required to provide a report from that expert complying fully with Rule 26(a)(2)(B). The opposing party is then entitled to rely on that report as a definitive statement of the expert's testimony and of the basis for that testimony (even to the extent, as the Advisory Committee notes indicate, of electing to forego deposing the expert). The report will provide an essential premise for the opposing party's assessment of what can and should be done, within the deadlines established in the scheduling order, to marshal expert testimony or other evidence to counter the expert's conclusions. The 1993 amendments to the civil discovery rules were promulgated with the stimulus of the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471 et seq. The CJRA's goals of civil litigation expense and delay reduction (*see,* 28 U.S.C. § 472) would be substantially undermined if counsel were permitted to treat the expert report requirements as casually as has been proposed in this case.